**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VALERIA DEYANIRA SOLIS SAAVEDRA,** | § § § | |
| **Petitioner,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:26-CV-02488** |
| **RANDY TATE**, *et al.*, | § § § | |
| **Respondents.** | § § | |

**ORDER**

Before the Court is Petitioner Valeria Deyanira Solis Saavedra's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

## I.    BACKGROUND

The parties do not dispute the following facts. Petitioner Valeria Deyanira Solis Saavedra is a 27-year-old citizen of Mexico who entered the United States without inspection in 2012, over thirteen years ago, when she was a child of about fourteen years old. ECF No. 1 at ¶ 4. She has resided in the United States continuously since that time and has no criminal record. *Id*. at ¶ 6. Solis Saavedra has extensive ties to the United States, including through relatives who are U.S. citizens and lawful permanent residents. *Id*. ¶ 5.

1 / 5

On March 4, 2026, Petitioner was taken into immigration custody. ECF No. 1 at ¶ 8. She has been in custody since that date without an individualized bond determination. *Id*. Petitioner is currently detained at the Montgomery Processing Center in Conroe, Texas. *Id*. at ¶ 1. Respondents position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Upon being detained, Petitioner was placed in removal proceedings before an Immigration Judge (IJ). These removal proceedings are ongoing. ECF No. 1, Exh. B. While it is not clear from the information before the Court whether Petitioner was ever granted Deferred Action for Childhood Arrivals (DACA), she appears to meet the eligibility criteria. Petitioner may also be eligible to pursue cancellation of removal on the basis that she has been "has been physically present in the United States for a continuous period of not less than 10 years," "has been a person of good moral character during that period," has not been convicted of a disqualifying criminal offense, and has U.S. citizen relatives who would suffer "exceptional and extremely unusual hardship" in her absence. 8 U.S.C. § 1229b(b)(1).

## II.   ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting

*Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

## III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel of the time and place of her release **no less than three hours** prior to her release from custody.

3. If Respondents seek to re-detain Petitioner during the pendency of her removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to conditions of release without notice and a hearing at which the government bears the burden of showing why such conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 6, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 20, 2026.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on April 3, 2026.

Keith P. Ellison
United States District Judge

4 / 5